IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN BELL,

    Petitioner,

v.                          CASE NO. 18-3208-JWL

(FNU) ENGLISH, Warden,
USP-Leavenworth,

    Respondent.

## ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner proceeds pro se and in forma pauperis. The Court ordered Respondent to show cause on or before September 14, 2018, why the writ should not be granted, and granted Petitioner until October 15, 2018, to file a traverse. (Doc. 3.) Petitioner has now filed a motion for an injunction (Doc. 4), seeking access to the courts, legal copies and access to the law library. Petitioner alleges that he is "currently in the SHU they will not accommodate [him]." Because Petitioner failed to put a case number on his motion, the Clerk docketed the motion in this habeas case as well as in his two civil rights cases that were pending at that time.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite

1

for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

Petitioner's allegations do not establish that injury is certain and not theoretical, or more than merely feared as liable to occur in the future. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Finally, a mandatory preliminary injunction, such as the one sought by Petitioner, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251.

Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted). The movant must also establish a relationship between the injury claimed in

their motion and the conduct alleged in the complaint. *Id.*; *see also Hicks v. Jones*, 332 F. App'x 505, 507–08 (10th Cir. 2009) (affirming denial of injunctive relief where movant sought relief on "a matter lying wholly outside the issues in [his] suit"). Petitioner's habeas petition relates to the BOP's calculation of his sentence. Any claim Petitioner may have regarding access to the courts is unrelated, unexhausted,[1] and fails to allege an injury. *See Proch v. Baker*, Case No. 14-3021-CM, 2017 WL 2793922, at *7 (D. Kan. June 28, 2017) (citing *Lewis v. Casey*, 518 U.S. 343, 349 (1996) (violations of the constitutional right of access to the courts require a showing of injury due to the deprivation); *Sterling v. Edwards*, 881 F. Supp. 488, 490 (D. Kan. 1995) (there must be prejudice)). Petitioner has failed to allege an injury. His traverse in this habeas action is not due until October 15, 2018.

The Court finds that Petitioner has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal.

**IT IS THEREFORE ORDERED** that Petitioner's motion for an injunction (Doc. 4) is **denied.**

Copies of this Order shall be transmitted to the parties and to the U. S. Attorney for the District of Kansas.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 20th day of September, 2018.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**

---

[1] Respondent has filed a Response (Doc. 6), which includes an objection to Petitioner's motion for an injunction. Respondent notes that Petitioner has failed to exhaust his claim regarding access to the courts through the BOP's four-part administrative remedy program codified at 28 C.F.R. § 542. Respondent also alleges that "Petitioner has appropriate access to the courts, legal copies and the law library." (Doc. 6, at 3.)