**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

STEVEN BELL,

        Petitioner,

        v.                          CASE NO.  18-3208-JWL

(FNU) ENGLISH, Warden,
USP-Leavenworth,

        Respondent.


**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner proceeds pro se and in forma pauperis. Petitioner is in federal custody at USP-Leavenworth in Leavenworth, Kansas ("USPL"). Petitioner challenges the Federal Bureau of Prisons' ("BOP") calculation of his sentence. The Court issued an Order to Show Cause (Doc. 3), Respondent filed an Answer and Return (Doc. 6), Petitioner failed to file a traverse by the Court's deadline, and the matter is ready for resolution. The Court finds that Petitioner does not allege facts establishing a federal constitutional violation and denies relief.

**I. Facts**

Petitioner was arrested by the Dallas City, Illinois Police Department on July 28, 2013, for Aggravated Unlawful Participation in Methamphetamine Manufacturing, Unlawful Possession of Methamphetamine, Unlawful Possession of Methamphetamine Manufacturing Material, and Unlawful Possession of a Weapon by a Felon in *State v. Bell*, Case No. 13-CF-42 (Henderson Co. Cir. Ct.) ("State Case No. 42"). *See* Doc. 6–1, Martin Decl., at ¶ 9, Ex. D.

On July 30, 2013, while in the Henderson County Jail, Petitioner was charged for Criminal Damage to Government Supported Property, and Criminal Damage to Property in *State v. Bell*, Case No. 13-CF-43 (Henderson Co. Cir. Ct.) ("State Case No. 43"). *See id.* at ¶ 10, Ex. E. On August 28, 2013, the Henderson County Circuit Court released Petitioner on bond. *See id.* at ¶ 11, Ex. D.

On September 12, 2013, Petitioner was arrested by the Hancock County, Illinois authorities for Aggravated Vehicle Hijacking, Aggravated Kidnapping, Aggravated Robbery, Kidnapping, and Aggravated Unlawful Restraint in Case No. 13-CF-24 ("State Case No. 24"). *See id.* at ¶ 11, Ex. F.

On February 19, 2014, Henderson County entered a nolle prosequi for all charges for State Case No. 42. *See id.* at ¶ 12, Ex. G.

On March 7, 2014, Henderson County sentenced Petitioner to 364 days of jail time in State Case No. 43, but awarded Petitioner 105 days of presentence credit towards his sentence for time served. *See id.* at ¶ 13, Ex. E.

On May 30, 2014, Hancock County entered a nolle prosequi in State Case No. 24, requesting dismissal for Petitioner to be prosecuted in Federal Court. *See id.* at ¶ 14, Ex. H. The same day, Illinois relinquished its jurisdiction and Petitioner was turned over to the United Sates Marshals Service and placed in exclusive federal custody pursuant to federal charges for Conspiracy to Manufacture Methamphetamine in *United States v. Bell*, 1:14-cr-10034-JES-JEH (C.D. Ill.) ("Federal Criminal Case"). *Id.* at Ex. I.

On November 12, 2015, Petitioner was sentenced in his Federal Criminal Case to a 60-month term of confinement. *See id.* at ¶ 15, Ex. J; *see also Bell*, Case No. 1:14-cr-10034-JES-JEH at Doc. 35.

On August 21, 2018, the Henderson County Sheriff's Office was contacted pursuant to an audit of Petitioner's sentence computation pursuant to the instant litigation. *See* Doc. 6–1, Martin Decl., at ¶ 24. The Sheriff's Department provided a clarification letter stating that Petitioner's 105 days of credit given for State Case No. 43 included the following dates when Petitioner was incarcerated at the Henderson County Jail: July 28, 2013, through August 28, 2013 (32 days), and November 25, 2013, through December 18, 2013 (24 days). *Id* at Ex. K.

## II. Discussion

### 1. Exhaustion

Generally, a federal prisoner must exhaust available administrative remedies before commencing a habeas corpus petition under 28 U.S.C. § 2241. *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The BOP's four-part administrative remedy program is codified at 28 C.F.R. § 542. Respondent acknowledges that Petitioner has exhausted his administrative remedies with respect to the issues presented in his Petition. Doc. 6, at 5–6; Doc. 6–1, at ¶ 7.

### 2. Standard of Review

To obtain habeas corpus relief, an inmate must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

### 3. Sentence Computation

Petitioner alleges that the BOP improperly calculated his federal sentence. Petitioner alleges that the BOP did not properly credit his sentence with the time he served in state custody from September 12, 2013 to May 30, 2014.[1] Plaintiff alleges that his plea agreement, the PSR,

---

[1] Although Petitioner states slightly different time frames in his Petition, the Court will use the dates from his arrest on September 12, 2013, to the date he was taken into federal custody—May 30, 2014. *See* Doc. 1 at 2 (Petitioner states 9/16/13 to 5/30/14); Doc. 1, at 7 (Petitioner states 9/16/13 to 5/31/14); Doc. 1–1, at 2 (Petitioner states 9/12/13 to 5/31/14).

and the sentencing judge's statements at sentencing all provide for him to be credited with the time he spent in state custody prior to being federally indicted.

The BOP, in calculating a sentence, first establishes the commencement date, governed by 18 U.S.C. § 3585(a); and second, determines credit for time already spent in custody, governed by 18 U.S.C. § 3585(b).  In accordance with statute, the BOP determines the date a federal sentence commences as the date in which "the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).  The earliest time a sentence can commence is the date of imposition of the federal sentence.  *See Isles v. Chester*, Case No. 08–3028–RDR, 2009 WL 1010553, at *4 (D. Kan. April 15, 2009) (citing *DeMartino v. Thompson*, 1997 WL 362260, at *2 (10th Cir. July 1, 1997) ("Logically, [a federal sentence] cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.")).  Petitioner's federal sentence was evaluated by the BOP and determined to commence on November 12, 2015—the date of imposition of his federal sentence.  *See* Doc. 6–1, Martin Decl., at ¶ 18, Ex. B.

The second step in the BOP's computation involves a determination of whether a defendant is entitled to any credit for time spent in custody prior to the commencement of the sentence.  Prior custody credit is provided for in Section 3585(b), which states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>> (1) as a result of the offense for which the sentence was imposed; or
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

The BOP audited Petitioner's sentence pursuant to the instant litigation.[2]  Based on that review, the BOP determined that Petitioner was entitled to the following 682 days of prior custody credit toward his federal sentence:  from September 12, 2013 (the day he was arrested due to charges associated with State Case No. 24) through November 24, 2013 (the day before the period credited towards State Case No. 43) (74 days); from December 19, 2013 (the day after the period credited towards State Case No. 43) through March 6, 2014 (the day before his sentence in State Case No. 43 was imposed) (78 days); and from May 31, 2014 (the day after his sentence was completed and he was relinquished to federal custody) through November 11, 2015 (the day before his federal sentence was imposed) (530 days).  Doc. 6–1, Martin Decl., at ¶ 26. Petitioner has now received credit for some of the time frame requested in his Petition. Therefore, the remaining time frame at issue is November 25, 2013 through December 18, 2013; and March 7, 2014 through May 30, 2014.[3]

Petitioner did not receive credit for the time already credited towards his state sentence in Criminal Case No. 43 from November 25, 2013, through December 18, 2013, as well as the time serving his sentence in State Case No. 43 from March 7, 2014 (the date his state sentence was imposed) through May 30, 2014 (the day he was relinquished to exclusive federal custody).  *See* Doc. 6–1, Martin Decl., at ¶ 27, Ex's. E, I and K.  Petitioner's sentence was appropriately calculated with respect to these dates as this time was credited towards his state sentence.

---

[2]  The BOP determined that because Petitioner's federal offense conduct for Conspiracy to Manufacture Methamphetamine commenced no later than September 12, 2013—the last day the conspiracy could have continued due to Petitioner's apprehension and continued incarceration—therefore, Petitioner is entitled to presentence credit for any time served in official detention after September 12, 2013, and through November 11, 2015 (the day before Petitioner's federal sentence was imposed) that was not credited towards another sentence. During this time, State Case No. 43 was the only state case for which nolle prosequi was not entered. *See* Doc. 6–1, Martin Decl., at ¶¶ 21–23.

[3]  Petitioner does not argue that he is entitled to credit for August 29, 2013 through September 11, 2013—the time period he was not in physical custody while released on bond.

Section 3585(b), as well as the BOP's Program Statement 5880.28, preclude the application of credit for time that has been credited against another sentence. *See United States v. Wilson*, 503 U.S. 329, 337 (1992) (finding that Congress made clear in § 3585(b) that a defendant could not receive a double credit for his detention time); *Stewart v. English*, Case No. 16-3212-JWL, 2017 WL 748125, at *2 (D. Kan. Feb. 27, 2017) (federal prisoner may not receive credit for time that is counted on another sentence).

In *Isles v. Chester*, the petitioner argued that the BOP failed to give him proper presentence credit in accordance with the sentencing judge's oral pronouncement at sentencing. *Isles*, 2009 WL 1010553, at *3. The Court found that because petitioner received credit for the time toward his state sentence, "the BOP was statutorily precluded from granting him prior custody credit toward his federal sentence for that time." *Id.* at *4. The Court noted that the last clause of § 3585(b) prohibits double sentencing credit. *Id.*

Petitioner does not allege that the BOP miscalculated his Good Conduct Time ("GCT"). "Federal sentencing law permits federal prison authorities to award prisoners credit against prison time as a reward for good behavior." *Barber v. Thomas*, 560 U.S. 474, 476 (2010). GCT is awarded in accordance with Section 3624(b), which provides:

> [A] prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

18 U.S.C. § 3624(b).

Due to his disciplinary history, Petitioner has not earned any GCT to date. *See* Doc.6–1, Martin Decl., at ¶ 32, Ex. L. Consequently, in the time remaining on his federal sentence,

Petitioner is projected to earn only 34 days of GCT. *Id.* at Ex. B.  Thus, based on his 60-month sentence commencing on November 12, 2015, with 34 days of GCT and a total of 682 days of pre-sentence credit, Petitioner is scheduled to be released from BOP custody, via GCT, on November 26, 2018. *See id.* at ¶ 33, Ex. B.  The Court finds that the BOP properly calculated Petitioner's prior custody credit.

**IT IS THEREFORE ORDERED BY THE COURT** that this petition for writ of habeas corpus is **denied.**

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 30th day of October, 2018.**


<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**